UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,          :

               :      06 Cr. 245 (PAC)

        v.          :

               :      ORDER

MICHAEL C. LEWIS,           :

               :

           Defendant.     :
-------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge

Four and one half months ago, on November 1, 2006, after a jury was impaneled on the day trial his trial was to begin, Defendant Michael C. Lewis ("Defendant" or "Lewis") entered a plea of guilty. Lewis now seeks to set aside that guilty plea, alleging that (1) plea was coerced, (2) the Court failed to advise that the plea was non-binding, (3) the Court improperly denied the plea of nolo contendere, and (4) "fair and just reasons" warrant the withdrawal of the guilty plea. This motion is another manifestation of the game-playing that has characterized Defendant's conduct since the beginning of this case. For the reasons discussed below, the motion is denied.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw his guilty before he is sentenced, if he shows "a fair and just reason for requesting the withdrawal." The defendant bears the burden of demonstrating valid grounds for relief. See United States v. Avellino, 139 F.3d 249, 261 (2d Cir. 1998). The decision of whether to allow the withdrawal is left to the discretion of the district judge. See United States v. Torres, 129 F.3d 170, 715 (2d Cir. 1997). The Court should consider the following factors:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea….Courts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea.

United States v. Schmidt, 373 F.3d 100, 102-03 (2d Cir. 2004) (internal citations and quotations omitted).  Furthermore, "[t]he fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea."  United States v. Gonzales, 970 F.2d 1095, 1100 (2d Cir. 1992).

## DISCUSSION

There are no "fair and just reasons" to support the withdrawal of Lewis' guilty plea.  Significantly, Lewis does not assert his legal innocence.  This is unsurprising in light of his detailed and thorough allocution on November 1, 2006 in which he admitted to possessing a firearm on February 19, 2006.  (Tr. 35-37.)[1]  It is apparent that he is trying to avoid the consequences of his plea.  Had he truly felt his plea was coerced, he would have filed this motion sooner, rather than waiting until ten days before his scheduled sentencing.  Rather than asserting his innocence, Lewis is trying to avoid the consequences of his plea.

As to the voluntariness of the plea, Defendant contends that his plea was coerced by the Court, but fails to provide any explanation as to how it was coerced.  A review of the record reveals that this contention is simply wrong.  On the day scheduled

---

[1]   Unless otherwise noted, all references to "Tr." refer to the transcript of the November 1, 2006 proceedings.

for trial, November 1, 2006, a large jury panel was assembled and kept waiting in the jury

assembly room.  The Court first dealt with preliminary matters such as Defendants

refusal of the offer of civilian clothing; the Court advised him concerning his peremptory

challenges; the parties discussed a possible stipulation to the Defendant's prior

conviction, since Lewis was charged as a felon in possession of a weapon; and finally,

the Court again discussed the Defendant's conduct since he was proceeding in a pro se

capacity.[2]  (Tr. 2-11.)  In the middle of these discussions, Defendant advised the Court

that he wished to enter a plea of nolo contendere.  (Tr. 11.)   At that point, the Court

ordered a recess to allow the Government time to consider this plea pursuant to Federal

Rule of Criminal Procedure 11(a)(2) and (3).

When proceedings resumed, the Government informed the Court that it

objected to the nolo contendere plea because no extraordinary circumstances were

present that would warrant such a plea.  (Tr. 15.)  After discussing the matter, the Court

rejected the plea, as it would not be in the public interest in the effective administration of

justice.  (Tr. 16.)  The Court then advised Defendant that he could either proceed with

trial or plead guilty.  (Tr. 17.)  The Defendant responded that this was "coercion" and

expressed his refusal to go forward with the trial.  (Tr. 17-18.)  He then "recanted" his not

guilty plea and attempted to plead nolo contendere again.  (Tr. 18.)  At this point, the

Court granted Defendant a brief recess to think about how he wished to proceed—to

proceed with trial or plead guilty.  (Tr. 19.)

After conferring with standby counsel, Defendant informed the Court that

he wished to plead guilty.  (Tr. 19.)  Defendant then refused to be sworn in because of his

faith as a Rastafarian.  (20-23.)   He agreed to affirm under the penalties of perjury.  (Tr.

---

[2]    Lewis had waived counsel and was preceding pro se, and the Court had appointed standby counsel.

21.)  The Court asked whether Defendant knew what he was doing, to which he answered: "I'm indecisive right now.  I will plead guilty but can I – I accept an adjournment?"  (Tr. 22.)  The Court responded that there would be no further adjournments: "You are going to plea today, and if we don't take your plea today, we're going to trial. I told you several weeks ago, November 1 was the day we're going to trial."  (Tr. 22.)[3]  Defendant then confirmed that he knew what he was doing in pleading guilty:

> Court: Do you know what you're doing?
> Lewis: Yes.  I know what I'm doing.
> Court: And you've had an opportunity to talk with several lawyers about this case?
> Lewis: Yes, sir.
> Court: And you understand what's in the indictment?
> Lewis: Yes, sir.
> Court: Do you understand the consequences of pleading guilty?
> Lewis: Yes, sir.

(Tr. 23.)  When asked if he understood that the Court could sentence him as if a jury had found him guilty, he hesitated, at which point the Government requested to go forward with jury selection.  (Tr. 24.)  The Court then further explained sentencing, and clarified the possibility of a downward reduction for the acceptance of responsibility.  (Tr. 25.)  After conferring with standby counsel, Defendant stated that he wished to go forward with the plea.  (Tr. 26.)  The Government expressed its desire to select a jury in the event Defendant changed his mind again.  (Tr. 26.)

The Court agreed to proceed with the plea allocution but then Lewis indicated that he did not want to continue.  (Tr. 26).  Since the jury had already been

---

[3]   The trial had been previously scheduled for September 18, 2006, but was adjourned at Defendant's request.  He was appearing pro se, albeit with standby counsel, but said he needed more time for preparation.  The Court accommodated his request and adjourned the trial for six weeks to November 1, 2006.  As the transcript indicates, Lewis was advised there would be no further adjournments.

waiting for several hours, the Court determined to empanel the jury.  (Tr. 26-28.)  After

the jury was selected, Defendant again informed the Court that he wished to enter a plea

of guilty.  (Tr. 28.)

        The remainder of Defendant's allocution was uneventful and fully in

accordance with Federal Rule of Criminal Procedure 11. (<u>See</u> Tr. 28-41.)  In particular,

the Court confirmed the voluntariness of the plea:

> Court:  Has anyone made any promises or assurances to you of any kind in
> an effort to get you to plead guilty?
> Lewis: No.
> Court:  Now are you offering to plead guilty of your own free will?
> Lewis: Yes, sir.
> Court:  Has anyone made promises to you to the effect that you'd get
> leniency or special consideration by pleading guilty instead of
> going to trial?
> Lewis: No, Sir.

(Tr. 33.)  After the Government had explained the elements of the offense, and offered

the details of its proof, Lewis admitted the crime he committed in his own words:

> Court:  Mr. Lewis, can you please rise and tell me what you did?
> Lewis: On February 19, 2006, I possessed a firearm.
> Court:  and when you possessed this firearm in February of 2006, where
> were you?  Were you in the Bronx?
> Lewis: Bronx, New York
> Court:  Okay, and had you been convicted of a felony at the time you
> possessed the weapon?
> Lewis: Yes, sir.
> Court:  What was your felony?
> Lewis: Possession of a controlled substance, possession of a controlled
> substance with the intent to sell.
> Court:  Okay, and that was in Broome County.  Is that Binghamton, New
> York?
> Lewis: Yes, sir.
> ....
> Court:  You have to possess the gun, Mr. Lewis.  Where did you have the
> gun at the time that you were arrested?
> Lewis: In my possession.
> Court:  In your possession.  Where was it on—was it on your body?  Was
> it close to you?  Where was it?

> Lewis: It was in my pocket. It was in the coat pocket of my coat.
> Court: It was in the coat and you were wearing the coat?
> Lewis: Yes, sir.

(Tr. 35-37.)

The record of the entire proceeding demonstrates that Lewis carefully considered his plea, and that the plea of guilty was not coerced. In fact, at the first appearance in March 2006, Lewis attempted to plead guilty. (See Mar. 20, 2006 Tr.) The Court counseled him that he should confer with his court appointed counsel from the Federal Defenders' Office. Lewis agreed to do so, but then later discharged that counsel. New counsel from the CJA panel was appointed, but Lewis decided to discharge that counsel as well. Counsel was then appointed as standby counsel (following a thorough hearing verifying Lewis' competence to proceed pro se). (See Apr. 17, 2006 Tr.; Apr. 24, 2006 Tr.; May 4, 2006 Tr.)

Defendant has had more than ample time and very able, diligent, and experienced counsel to advise him on the best course of action in his case. In return, Defendant misused these opportunities. Lewis never proclaimed his innocence. Instead, it was clear that he was dissatisfied with counsel solely because they were unable to obtain a plea agreement to Lewis' satisfaction, although the Court had explained to him that plea bargaining was not available in federal court. (May 4, 2006 Tr. 17-18.) Not being able to acquire what he wanted, Lewis chose to delay the inevitable as long as possible. That is the sole basis for this motion to withdraw his plea.

On this record, there is no "fair and just reason" to allow Lewis to withdraw his voluntary plea of guilty. Lewis' shuffling of lawyers, postponements of trial, and refusals to cooperate with the processing of his case[4] were all undertaken in the

---

[4]   Lewis refused repeated requests to participate in the routine interview with probation for the

vain hope of obtaining a plea agreement. Lewis has not been coerced by the Court nor pressured by time. Indeed, the Court has been overcautious and perhaps too accommodating in granting his requests for adjournments. Lewis knowingly and voluntarily entered into the plea of guilty, and gave a detailed description of the crime he committed. Withdrawal of the plea now would only lead to a repetition of the same time-wasting conduct.[5]

## CONCLUSION

Defendant's motion to set aside the plea of guilty is DENIED. Out of an excess caution, however, since Lewis has chosen not to participate in the preparation of the Probation Department's presentence report, and has only recently received a copy of the report, the Court will reschedule the sentencing from March 21, 2007 to March 30, 2007 at 11:00 a.m. If Lewis would like to confer with his court appointed standby counsel concerning any objections to the presentence report, he is encouraged to do so.

Dated: New York, New York
       March 19, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

presentence report. (See U.S. Probation Letter from Amy Greenberg to Court, Dec. 27, 2006.) As a result of Lewis' refusal to cooperate, the sentencing was further adjourned from February 1, 2007 to March 21, 2007.

[5]   As to the cases cited by Defendant in his motion, they are clearly inapplicable because, inter alia, they deal with the consequences of a plea agreement—there was no plea agreement in this case.